# In the United States Court of Federal Claims

No. 15-1411C
(Filed: September 15, 2016)

```
*************************************
MARK MUNNS et al.,                   *
                                     *
            Plaintiffs,              *     Transfer Case; Rule to Show Cause;
                                     *     RCFC 41(b)
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
            Defendant.               *
*************************************
```

William Palmer, Sacramento, CA, for plaintiff.

Sean Siekkinen, United States Department of Justice, Washington, DC, for defendant.

## ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE

**SWEENEY**, Judge

On November 23, 2015, the instant case was transferred to the undersigned from the United States District Court for the Eastern District of California. The record consisted of certified copies of the district court order, the docket sheet, and a certified copy of the mandate from the United States Court of Appeals for the Ninth Circuit. That same day, the Clerk's Office made an entry on the docket indicating that plaintiffs' attorney was not admitted to practice before the United States Court of Federal Claims and further indicating that attorney admission instructions and forms were sent to counsel and were also available on the court's website. On January 4, 2016, the court granted plaintiffs' unopposed motion, pursuant to Rule 6.1 of the Rules of the United States Court of Federal Claims ("RCFC"), for an additional thirty days within which to file the transfer or amended complaint and to obtain admission to the court's bar. A timely transfer complaint was filed on January 29, 2016.

On June 1, 2016, plaintiffs filed an amended complaint. On June 20, 2016, the government moved to dismiss the amended complaint pursuant to RCFC 12(b)(1) for lack of jurisdiction and pursuant to RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs' response to the motion to dismiss was due by July 21, 2016. On August 19, 2016, the court ordered plaintiffs to show cause why their complaint should not be dismissed for failure to prosecute their case.

RCFC 41(b) provides:

**(b) Involuntary Dismissal; Effect.** If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction or failure to join a party under RCFC 19—operates as an adjudication on the merits.

Because plaintiffs have failed to comply with the court's order to show case, the court dismisses plaintiffs' complaint for failure to prosecute, pursuant to RCFC 41(b). Costs to defendant. The clerk is directed to enter judgment accordingly.

       **IT IS SO ORDERED.**


s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge